**MAYALL HURLEY P.C.**
**ROBERT J. WASSERMAN (SBN: 258538)**
rwasserman@mayallaw.com
**WILLIAM J. GORHAM (SBN: 151773)**
wgorham@mayallaw.com
**NICHOLAS J. SCARDIGLI (SBN: 249947)**
nscardigli@mayallaw.com
**VLADIMIR J. KOZINA (SBN: 284645)**
vjkozina@mayallaw.com
**2453 Grand Canal Boulevard**
**Stockton, California 95207-8253**
**Telephone: (209) 477-3833**
**Facsimile: (209) 473-4818**

**Attorneys for Plaintiff Ealeen Wilk and the Putative Class**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EALEEN WILK, an individual,** | **Case No.:** |
|      **Plaintiff,** | **CLASS AND COLLECTIVE ACTION COMPLAINT FOR** |
| **vs.** | |
| **SKECHERS U.S.A., INC. and DOES 1-100, inclusive,** | 1. **FAILURE TO PROPERLY CALCULATE AND PAY OVERTIME**<br>2. **FAILURE TO PAY ALL WAGES DUE AT END OF EMPLOYMENT**<br>3. **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200** |
|      **Defendants.** | **JURY TRIAL DEMANDED** |

Plaintiff Ealeen Wilk brings this class and collective action against Skechers U.S.A., Inc. and Does 1 through 100, for violations of the Fair Labor Standards Act, the California Labor Code, and the California Business and Professions Code.

/ / /

/ / /

/ / /

/ / /

1

## PARTIES

2     1.      Ealeen Wilk ("Ms. Wilk" or "Plaintiff") is and at all times relevant herein was

3     employed in Los Angeles County, California, and was an "employee" as defined by the Fair Labor

4     Standards Act, the California Labor Code, and the applicable California Industrial Wage Commission

5     ("IWC") Order(s).

6     2.      Skechers U.S.A., Inc. ("Skechers") is a Delaware limited liability company and, at all

7     times relevant herein, was an "employer" as defined by the Fair Labor Standards Act, the California

8     Labor Code, and the applicable California Industrial Wage Commission ("IWC") Order(s).

9     3.      Skechers and Does 1-100 are collectively referred to as Defendants.

10    4.      Plaintiff is not aware of the true names and capacities of the Defendants sued herein as

11    Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sues such

12    Defendants by these fictitious names.  Plaintiff will amend this Complaint to allege their true names

13    and capacities when ascertained.   Plaintiff is informed and believes, and on that basis alleges, that

14    each of the fictitiously named Defendants is responsible in some manner for the occurrences herein

15    alleged and that Plaintiff's injuries and damages herein alleged were legally caused by such

16    Defendants.  Unless otherwise indicated, each Defendant was acting within the course and scope of

17    said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

18    5.      Plaintiff is informed and believes and thereupon alleges that at all times mentioned

19    herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant,

20    employee, partner and/or joint venturer of and was acting in concert with each of the remaining

21    Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting

22    within the course and scope of such agency, service, employment partnership, joint venture and/or

23    concert of action.  Each Defendant, in doing the acts alleged herein, was acting both individually and

24    within the course and scope of such agency and/or employment, with the knowledge and/or consent of

25    the remaining Defendants.

26    / / /

27    / / /

28

Class and Collective Action Complaint
Page 2 of 11

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1337, and 29 U.S.C. § 216(b).  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the unlawful acts alleged herein took place in Los Angeles County, California and Plaintiff's place of employment with Skechers was within this District.  Plaintiff hereby demands a jury trial.

**GENERAL ALLEGATIONS**

7.      Ms. Wilk was hired by Skechers in or around August 2015.

8.      Throughout her employment, Ms. Wilk was an hourly, non-exempt employee.

9.      As such, Ms. Wilk was eligible for and at times worked overtime.

10.     Ms. Wilk and Skechers' other hourly, non-exempt employees were eligible for and at times received non-discretionary bonuses, commissions, and other items of compensation.

11.     Throughout her employment however, Skechers failed to properly calculate and pay the overtime wages owed to Ms. Wilk and their other hourly, non-exempt employees.

12.     Specifically, Skechers failed to include commissions, non-discretionary bonuses and other items of compensation when determining the regular rate of pay of Ms. Wilk and their other hourly, non-exempt employees for purposes of overtime.

13.     For example, during the pay period of February 14, 2016 through February 27, 2016, Wilk earned a non-discretionary bonus of $1,000.00.  **Exhibit 1**.

14.     Pursuant to is uniform policy and practice, Skechers failed to properly calculate Wilk's regular rate of pay and underpaid her.  *Id*.

15.     Similarly, during the pay period of April 10, 2016 through April 23, 2016, Wilk earned a non-discretionary bonus of $1,300.00.  **Exhibit 2**.

16.     Pursuant to their uniform policy and practice, Skechers failed to properly calculate Wilk's regular rate of pay and underpaid her.  *Id*.

17.     As a result of Skechers' failure to include commissions, non-discretionary bonuses and other items of compensation when determining their employees' regular rate of pay for purposes of overtime, Wilk and Skechers other hourly, non-exempt employees who worked overtime and received

1  non-discretionary bonuses, commissions, and/or other items of compensation aside from their base

2  hourly rate, were not adequately paid for all of the overtime they worked.

3      18.    Skechers was at all times aware of the requirement to factor these non-discretionary

4  bonuses, commissions, and other items of compensation into its employees' overtime rates of pay.

5      19.    Because Wilk and Skechers' other former hourly, non-exempt California employees,

6  who earned non-discretionary bonuses, commissions, and/or other items of compensation, were not

7  properly their overtime wages, they were also not timely paid all wages due and owing to them at the

8  end of their employment.

9      20.    From at least four years prior to the filing of this action, Defendants have adopted and

10  employed unfair business practices.  These unfair business practices include, but are not limited to,

11  failing to pay overtime at the appropriate rate and failing to pay all wages due at the end of

12  employment.

13                    **COLLECTIVE ACTION ALLEGATIONS**

14      21.    Plaintiff seeks to maintain his first cause of action as an "opt-in" collective action

15  pursuant to 29 U.S. 216(b) as to claims for overtime, liquidated damages (or, alternatively, interest)

16  and attorneys' fees under the FLSA.  In addition to Plaintiff, numerous other current and former

17  hourly, non-exempt employees of Defendants who received commissions, non-discretionary bonuses

18  and/or other items of compensation and worked overtime are similarly situated in that Defendants

19  failed to properly calculate their "regular rate of pay", and to pay their overtime accordingly.  Plaintiff

20  is a representative of those other current and former employees and is acting on behalf of their

21  interests as well as his own in bringing this action.  These similarly situated employees are known to

22  Defendants, are readily identifiable, and may be located through Defendants' records.  These similarly

23  situated employees may be readily notified of this action, and allowed to opt in pursuant to 29 U.S.C.

24  § 216(b), for purpose of collectively adjudicating their claims for overtime compensation, liquidated

25  damages (or, alternatively, interest), and attorneys' fees under the FLSA.

26  / / /

27  / / /

28

Class and Collective Action Complaint
Page 4 of 11

## CLASS ACTION ALLEGATIONS

22.     Plaintiff seeks to maintain this action as a class action as to the First through Third Causes of Action.  Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The putative class which Plaintiff seeks to represent consists of the following:

     a.    All current and former hourly, non-exempt employees of Skechers U.S.A., Inc. who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime from August 24, 2015 through the date of certification (the "Regular Rate Class");

     b.    All current and former hourly, non-exempt California employees of Skechers U.S.A., Inc. who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime from August 24, 2014 through the date of certification (the "California Regular Rate Class"); and

     c.    All current and former hourly, non-exempt California employees of Skechers U.S.A., Inc., who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime, and whose employment ended between August 24, 2014 and the date of final judgment (the "California Waiting Time Penalty Class");

The Regular Rate Class, California Regular Rate Class, and the California Waiting Time Penalty Class are collectively referred to as the Class.

23.     The class of persons is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court.  Plaintiff is informed and believes, and based thereon alleges, that Defendants employ more than 1,000 employees who satisfy the class definition.  Although the exact number and identity of class members is not presently known, they can be identified in Defendants' records through coordinated discovery pursuant to this class action.

24.     This action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure because the questions of law and fact which are common to class members clearly predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.

25.     There are numerous common questions of law and fact arising out of Defendants' conduct.  This class action focuses on Defendants': (a) uniform miscalculation of the "regular rate of pay" of its hourly, non-exempt employees as well as the underpayments that flow therefrom; (b) systemic failure to pay all wages due and owing to its California hourly, non-exempt employees at the end of their employment as a result of the regular rate miscalculation.

26.     Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the class.  The predominating common or class-wide questions of law and fact include the following:

    a.    Whether Defendants miscalculated the "regular rate of pay" of their hourly, non-exempt employees who received commissions, non-discretionary bonuses and/or other items of compensation;

    b.    Whether Defendants underpaid their hourly, non-exempt employees because of the miscalculation of their "regular rate of pay";

    c.    Whether Defendants, because of their miscalculation of their employees' regular rate of pay, failed to timely pay said employees when their employment ended;

    d.    Whether the alleged violations constitute unfair business practices;

    e.    Whether the Class is entitled to injunctive relief; and

    f.    Whether the Class is entitled to unpaid wages, liquidated damages, statutory penalties and/or restitutionary relief, and the amount of the same.

27.     Plaintiff's claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the

alleged violations of Defendants.  Plaintiff's claims are typical of those of the Class because
Defendants subjected Plaintiff and each member of the Class to the same violations alleged herein.

28.     The defenses of Defendants, to the extent that such defenses apply, are applicable
generally to the whole Class and are not distinguishable as to the proposed class members.

29.     Plaintiff will fairly and adequately protect the interests of all members of the Class, and
has retained attorneys with extensive experience in litigation, including class and representative
actions.  Plaintiff has no interests that conflict with those of the Class.  Plaintiff is able to fairly and
adequately protect the interests of all members of the class because it is in his best interest to prosecute
the claims alleged herein in order to obtain the full compensation due herself and the other class
members.

30.     A class action is superior to any other method available for fairly and efficiently
adjudicating the controversy because 1) joinder of individual class members is not practicable, 2)
litigating the claims of individual class members would be unnecessarily costly and burdensome and
would deter individual claims, 3) litigating the claims of individual class members would create a risk
of inconsistent or varying adjudications that would establish incompatible standards of conduct for
Defendants, 4) class members still working for Defendants may be fearful of retaliation if they were to
bring individual claims, 5) class members would be discouraged from pursuing individual claims
because the damages available to them are relatively small, and 6) public policy encourages the use of
the class actions to enforce employment laws and protect individuals who, by virtue of their
subordinate position, are particularly vulnerable.

31.     Judicial economy will be served by maintenance of this lawsuit as a class action.  To
process numerous virtually identical individual cases will significantly increase the expense on the
Court, the class members, and Defendants, all while unnecessarily delaying the resolution of this
matter.  There are no obstacles to effective and efficient management of this lawsuit as a class action
by this Court and doing so will provide multiple benefits to the litigating parties including, but not
limited to, efficiency, economy, and uniform adjudication with consistent results.

32.     Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

### FIRST CAUSE OF ACTION
**VIOLATION OF FAIR LABOR STANDARDS ACT AND**
**CALIFORNIA LABOR CODE §§ 510 & 1198**
**(Failure to Pay Overtime)**
**By the Regular Rate Class and the California Regular Rate Class Against Defendants**

33.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

34.     The Fair Labor Standards Act, 29 USC §§ 201 et seq. and 29 CFR §§ 778 et seq., requires time-and-a-half pay for the time an employee works over forty hours a week.

35.     Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

36.     Pursuant to California Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

37.     The "regular rate of pay" includes all remuneration for employment paid to the employee and includes, but is not limited to, hourly earnings, salary, piece work earnings, commissions, non-discretionary bonuses, and the value of meals and lodging.  See 29 U.S.C. § 207(e); DLSE Enforcement Policies and Interpretations Manual Section 49.

38.     During the relevant time period, Plaintiff and Defendants' other hourly, non-exempt employees regularly worked overtime.

39.     During the relevant time period, Defendants failed to include commissions, non-discretionary bonuses and/or other items of compensation, when determining the "regular rate of pay" for Plaintiff and their hourly, non-exempt employees.

40.     During the relevant time period, Defendants failed to properly calculate the "regular rate of pay" of Plaintiff and their other hourly, non-exempt employees.

41.     During the relevant time period, Defendants intentionally and willfully failed to pay the proper overtime wages due to Plaintiff and their hourly, non-exempt employees.

42.     Wherefore, Plaintiff and the other members of the Regular Rate Class and the California Regular Rate Class have been injured as set forth above and request relief as hereafter provided.

**SECOND CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 201, ET SEQ.**
**(Failure to Pay All Wages Due Upon Termination)**
**By the California Waiting Time Penalty Class Against Defendants**

43.     Plaintiff hereby realleges and incorporates by reference each and every paragraph set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

44.     California Labor Code section 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

45.     California Labor Code section 202 requires an employer to pay an employee all earned wages within 72 hours of the employee quitting his or her employment, or immediately at the time of quitting if the employee has given 72 hours previous notice of his or her intention to quit.

46.     As set forth above, Plaintiff and the other members of the California Waiting Time Penalty Class were not timely paid all of their earned but unpaid wages when their employment with Defendants ended.

47.     Wherefore, Plaintiff and the other members of the California Waiting Time Penalty Class have been injured as set forth above and request relief as hereafter provided.

### THIRD CAUSE OF ACTION
**VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ*.**
**(Unfair Business Practices)**
**By Plaintiff and the California Regular Rate Class Against Defendants**

48.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

49.     The statutory violations, as alleged above, are unfair business practices within the meaning of the Unfair Competition Law (Business and Professions Code sections 17200 *et seq*), and include, but are not limited to failing to properly calculate the "regular rate of pay" for its hourly, non-exempt employees, and to pay overtime accordingly.

50.     Wherefore, Plaintiff and the other members of the Class have been damaged as set forth above and request relief as hereafter provided.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

**As to the First through Third Causes of Action:**

1.     That this Court certify the Class identified in Paragraph 22;

2.     That this Court certify Plaintiff as the representative of the Class identified in Paragraph 22;

3.     That this Court award actual, compensatory, special, and general damages as well as restitutionary relief to Plaintiff and the members of the Class;

4.     That this Court award injunctive relief, including that available under Business and Professions Code Section 17203;

5.     That this Court award penalties and liquidated damages including, but not limited to, those available under 29 U.S.C. 216(b) and Labor Code sections 203 and 1194.2;

6. That this Court award statutory attorneys' fees and costs, including those available under 29 U.S.C. § 216(b), Labor Code sections 218.5 and 1194, as well as Code of Civil Procedure section 1021.5;

7. That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

8. That this Court award such other and further relief as the court deems just and proper.

**DATED:** September 10, 2018                                    **MAYALL HURLEY P.C.**

By_____/s/ Robert J. Wasserman_____
ROBERT J. WASSERMAN
WILLIAM J. GORHAM
NICHOLAS J. SCARDIGLI
VLADIMIR J. KOZINA
Attorneys for Plaintiff and the Putative Class