**MAYALL HURLEY P.C.**
**ROBERT J. WASSERMAN (SBN: 258538)**
rwasserman@mayallaw.com
**WILLIAM J. GORHAM (SBN: 151773)**
wgorham@mayallaw.com
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Telephone:  (209) 477-3833
Facsimile:  (209) 473-4818

**MOORADIAN LAW, APC**
**ZORIK MOOORADIAN (SBN: 136636)**
zorik@mooradianlaw.com
**HAIK HACOPIAN (SBN: 282361)**
haik@mooradianlaw.com
24007 Ventura Blvd., Suite 210
Calabasas, CA 91302
Telephone:  (818) 487-1998
Facsimile:  (888) 783-1030

Attorneys for Plaintiffs and the Putative Class

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EALEEN WILK, an individual; DORIAN GOMEZ, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>SKECHERS U.S.A., INC. and DOES 1-100, inclusive,<br><br>        Defendants. | Case No.:  5:18-cv-01921-JGB-SP<br><br>**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR**<br><br>1. **FAILURE TO PROPERLY CALCULATE AND PAY OVERTIME**<br>2. **FAILURE TO PAY ALL WAGES DUE AT END OF EMPLOYMENT**<br>3. **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200**<br>4. **PRIVATE ATTORNEYS GENERAL ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Ealeen Wilk and Dorian Gomez bring this class and collective action against

Skechers U.S.A., Inc. and Does 1 through 100, for violations of the Fair Labor Standards Act, the

SMRH:4835-4872-0309.1                                   -1-

California Labor Code, California Industrial Wage Orders and the California Business and Professions Code.

**PARTIES**

1. Ealeen Wilk ("Ms. Wilk") is and at all times relevant herein was employed in Los Angeles County, California, and was an "employee" as defined by the Fair Labor Standards Act, the California Labor Code, and the applicable California Industrial Wage Commission ("IWC") Order(s).

2. Dorian Gomez ("Mr. Gomez") is and at all times relevant herein was employed in Los Angeles County, California, and was an "employee" as defined by the Fair Labor Standards Act, the California Labor Code, and the applicable California Industrial Wage Commission ("IWC") Order(s).

3. Ms. Wilk and Mr. Gomez are collectively referred to as Plaintiffs.

4. Skechers U.S.A., Inc. ("Skechers") is a Delaware limited liability company and, at all times relevant herein, was an "employer" as defined by the Fair Labor Standards Act, the California Labor Code, and the applicable California Industrial Wage Commission ("IWC") Order(s).

5. Skechers and Does 1-100 are collectively referred to as Defendants.

6. Plaintiffs are not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sues such Defendants by these fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe, and on that basis allege, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiffs' injuries and damages herein alleged were legally caused by such Defendants. Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

7. Plaintiffs are informed and believe and thereupon allege that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or

concert of action.  Each Defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1337, and 29 U.S.C. § 216(b).  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the unlawful acts alleged herein took place in Los Angeles County, California and Plaintiffs' place of employment with Skechers was within this District.  Plaintiffs hereby demand a jury trial.

**GENERAL ALLEGATIONS**

9. Ms. Wilk was hired by Skechers in or around August 2015.

10. Mr. Gomez was hired by Skechers in or around January 2004.

11. Throughout their employment, Plaintiffs were hourly, non-exempt employees.

12. As such, Plaintiffs were eligible for and at times worked overtime.

13. Plaintiffs and Skechers' other hourly, non-exempt employees were eligible for and at times received non-discretionary bonuses, commissions, and other items of compensation.

14. Throughout their employment however, Skechers failed to properly calculate and pay the overtime wages owed to Plaintiffs and their other hourly, non-exempt employees.

15. Specifically, Skechers failed to include commissions, non-discretionary bonuses and other items of compensation when determining the regular rate of pay of Plaintiffs and their other hourly, non-exempt employees for purposes of overtime.

16. For example, during the pay period of February 14, 2016 through February 27, 2016, Ms. Wilk earned a non-discretionary bonus of $1,000.00.  **Exhibit 1**.

17. Pursuant to is uniform policy and practice, Skechers failed to properly calculate Ms. Wilk's regular rate of pay and underpaid her.  *Id*.

18. Similarly, during the pay period of April 10, 2016 through April 23, 2016, Ms. Wilk earned a non-discretionary bonus of $1,300.00.  **Exhibit 2**.

SMRH:4835-4872-0309.1            -3-

19. Pursuant to their uniform policy and practice, Skechers failed to properly calculate Ms. Wilk's regular rate of pay and underpaid her. *Id*.

20. As a result of Skechers' failure to include commissions, non-discretionary bonuses and other items of compensation when determining their employees' regular rate of pay for purposes of overtime, Plaintiffs and Skechers' other hourly, non-exempt employees who worked overtime and received non-discretionary bonuses, commissions, and/or other items of compensation aside from their base hourly rate, were not adequately paid for all of the overtime they worked.

21. Skechers was at all times aware of the requirement to factor these non-discretionary bonuses, commissions, and other items of compensation into its employees' overtime rates of pay.

22. Because Plaintiffs and Skechers' other former hourly, non-exempt California employees, who earned non-discretionary bonuses, commissions, and/or other items of compensation, were not properly paid their overtime wages, they were also not timely paid all wages due and owing to them at the end of their employment.

23. From at least four years prior to the filing of this action, Defendants have adopted and employed unfair business practices. These unfair business practices include, but are not limited to, failing to pay overtime at the appropriate rate and failing to pay all wages due at the end of employment.

24. On October 4, 2019, Mr. Gomez provided written notice to the Labor and Workforce Development Agency ("LWDA") and Skechers regarding the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support those alleged violations.

25. As of the filing of this Complaint, more than 65 calendar days have long passed since Mr. Gomez' written notice to the LWDA, and the LWDA has not provided written notice that it intends to investigate his allegations. Accordingly, Plaintiffs have satisfied the administrative prerequisites under Labor Code section 2699.3 to bring a civil action to recover civil penalties against Skechers, in addition to other remedies under the Private Attorney General Act and in accordance with the applicable provisions of the California Labor Code.

**COLLECTIVE ACTION ALLEGATIONS**

26.   Plaintiffs seek to maintain their first cause of action as an "opt-in" collective action pursuant to 29 U.S. 216(b) as to claims for overtime, liquidated damages (or, alternatively, interest) and attorneys' fees under the FLSA.  In addition to Plaintiffs, numerous other current and former hourly, non-exempt employees of Defendants who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime are similarly situated in that Defendants failed to properly calculate their "regular rate of pay", and to pay their overtime accordingly.  Plaintiffs are representative of those other current and former employees and are acting on behalf of their interests as well as their own in bringing this action.  These similarly situated employees are known to Defendants, are readily identifiable, and may be located through Defendants' records.  These similarly situated employees may be readily notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees under the FLSA.

**CLASS ACTION ALLEGATIONS**

27.   Plaintiffs seek to maintain this action as a class action as to the First through Third Causes of Action.  Plaintiffs bring this action, on behalf of themselves and all others similarly situated employees, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The putative class which Plaintiffs seek to represent consists of the following:

a.   All current and former hourly, non-exempt employees of Skechers U.S.A., Inc. who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime from September 10, 2015 through the date of certification (the "Regular Rate Class");

b.   All current and former hourly, non-exempt California employees of Skechers U.S.A., Inc. who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime from September 10, 2014 through the date of certification (the "California Regular Rate Class"); and

      c.    All current and former hourly, non-exempt California employees of Skechers U.S.A., Inc., who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime, and whose employment ended between September 10, 2014 and the date of final judgment (the "California Waiting Time Penalty Class");

The Regular Rate Class, California Regular Rate Class, and the California Waiting Time Penalty Class are collectively referred to as the Class.

28. The class of persons is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court. Plaintiffs are informed and believe, and based thereon allege, that Defendants employ more than 1,000 employees who satisfy the class definition. Although the exact number and identity of class members is not presently known, they can be identified in Defendants' records through coordinated discovery pursuant to this class action.

29. This action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure because the questions of law and fact which are common to class members clearly predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.

30. There are numerous common questions of law and fact arising out of Defendants' conduct. This class action focuses on Defendants': (a) uniform miscalculation of the "regular rate of pay" of its hourly, non-exempt employees as well as the underpayments that flow therfrom; and (b) systemic failure to pay all wages due and owing to its California hourly, non-exempt employees at the end of their employment as a result of the regular rate miscalculation.

31. Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the class. The predominating common or class-wide questions of law and fact include the following:

a. Whether Defendants miscalculated the "regular rate of pay" of their hourly, non-exempt employees who received commissions, non-discretionary bonuses and/or other items of compensation;

b. Whether Defendants underpaid their hourly, non-exempt employees because of the miscalculation of their "regular rate of pay";

c. Whether Defendants, because of their miscalculation of their employees' regular rate of pay, failed to timely pay said employees when their employment ended;

d. Whether the alleged violations constitute unfair business practices;

e. Whether the Class is entitled to injunctive relief; and

f. Whether the Class is entitled to unpaid wages, liquidated damages, statutory penalties and/or restitutionary relief, and the amount of the same.

32. Plaintiffs' claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the alleged violations of Defendants. Plaintiffs' claims are typical of those of the Class because Defendants subjected Plaintiffs and each member of the Class to the same violations alleged herein.

33. The defenses of Defendants, to the extent that such defenses apply, are applicable generally to the whole Class and are not distinguishable as to the proposed class members.

34. Plaintiffs will fairly and adequately protect the interests of all members of the Class, and has retained attorneys with extensive experience in litigation, including class and representative actions. Plaintiffs have no interests that conflict with those of the Class. Plaintiffs are able to fairly and adequately protect the interests of all members of the class because it is in their best interest to prosecute the claims alleged herein in order to obtain the full compensation due herself and the other class members.

35. A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because 1) joinder of individual class members is not practicable, 2) litigating the claims of individual class members would be unnecessarily costly and burdensome and

SMRH:4835-4872-0309.1 -7-

would deter individual claims, 3) litigating the claims of individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, 4) class members still working for Defendants may be fearful of retaliation if they were to bring individual claims, 5) class members would be discouraged from pursuing individual claims because the damages available to them are relatively small, and 6) public policy encourages the use of the class actions to enforce employment laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

36.     Judicial economy will be served by maintenance of this lawsuit as a class action.  To process numerous virtually identical individual cases will significantly increase the expense on the Court, the class members, and Defendants, all while unnecessarily delaying the resolution of this matter.  There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

37.     Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

**FIRST CAUSE OF ACTION**
**VIOLATION OF FAIR LABOR STANDARDS ACT AND**
**CALIFORNIA LABOR CODE §§ 510 & 1198**
**(Failure to Pay Overtime)**
**By the Regular Rate Class and the California Regular Rate Class Against Defendants**

38.     Plaintiffs hereby reallege and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

39.     The Fair Labor Standards Act, 29 USC §§ 201 et seq. and 29 CFR §§ 778 et seq., requires time-and-a-half pay for the time an employee works over forty hours a week.

40.     Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less

than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

41.   Pursuant to California Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

42.   The "regular rate of pay" includes all remuneration for employment paid to the employee and includes, but is not limited to, hourly earnings, salary, piece work earnings, commissions, non-discretionary bonuses, and the value of meals and lodging.  See 29 U.S.C. § 207(e); DLSE Enforcement Policies and Interpretations Manual Section 49.

43.   During the relevant time period, Plaintiffs and Defendants' other hourly, non-exempt employees regularly worked overtime.

44.   During the relevant time period, Defendants failed to include commissions, non-discretionary bonuses and/or other items of compensation, when determining the "regular rate of pay" for Plaintiffs and their hourly, non-exempt employees.

45.   During the relevant time period, Defendants failed to properly calculate the "regular rate of pay" of Plaintiffs and their other hourly, non-exempt employees.

46.   During the relevant time period, Defendants intentionally and willfully failed to pay the proper overtime wages due to Plaintiffs and their hourly, non-exempt employees.

47.   Wherefore, Plaintiffs and the other members of the Regular Rate Class and the California Regular Rate Class have been injured as set forth above and request relief as hereafter provided.

/ / /

/ / /

/ / /

**SECOND CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 201, ET SEQ.**
**(Failure to Pay All Wages Due Upon Termination)**
**By the California Waiting Time Penalty Class Against Defendants**

48. Plaintiffs hereby reallege and incorporate by reference each and every paragraph set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

49. California Labor Code section 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

50. California Labor Code section 202 requires an employer to pay an employee all earned wages within 72 hours of the employee quitting his or her employment, or immediately at the time of quitting if the employee has given 72 hours previous notice of his or her intention to quit.

51. As set forth above, Plaintiffs and the other members of the California Waiting Time Penalty Class were not timely paid all of their earned but unpaid wages when their employment with Defendants ended.

52. Wherefore, Plaintiffs and the other members of the California Waiting Time Penalty Class have been injured as set forth above and request relief as hereafter provided.

**THIRD CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ*.**
**(Unfair Business Practices)**
**By Plaintiffs and the California Regular Rate Class Against Defendants**

53. Plaintiffs hereby reallege and incorporate by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

54. The statutory violations, as alleged above, are unfair business practices within the meaning of the Unfair Competition Law (Business and Professions Code sections 17200 *et seq*), and include, but are not limited to failing to properly calculate the "regular rate of pay" for its hourly, non-exempt employees, and to pay overtime accordingly.

55. Wherefore, Plaintiffs and the other members of the Class have been damaged as set forth above and request relief as hereafter provided.

### FOURTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE SECTION 2698 ET SEQ.
### (Private Attorneys General Act)
### Against Defendants

56. Mr. Gomez hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

57. Pursuant to Labor Code section 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the LWDA for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code section 2699.3.

58. Mr. Gomez was employed by Skechers and the alleged violations were committed against him during his time of employment. Mr. Gomez is therefore an aggrieved employee as defined by Labor Code section 2699(c). Other current and former employees are also aggrieved employees in that one or more of the alleged violations were also committed against them during their time of employment with Defendants.

59. Pursuant to Labor Code section 2699(f), the civil penalty recoverable in a PAGA action is that which is provided for by the Labor Code or, where no civil penalty is specifically provided, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

60. Pursuant to California Labor Code section 2699(g), an aggrieved employee may recover the civil penalty on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Furthermore, any employee who prevails in any such action shall be entitled to an award of reasonable attorney's fees and costs.

61. As set forth above, Skechers violated the California Labor Code by, inter alia, failing to properly calculate and pay overtime and by failing to timely pay wages due and owing at the end of its employees' employment.

62. Wherefore, Mr. Gomez and the other aggrieved employees have been damaged as set forth above and request relief as hereafter provided.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

**As to the First through Third Causes of Action:**

1. That this Court certify the Class;
2. That this Court certify Plaintiffs as the representatives of the Class;
3. That this Court award actual, compensatory, special, and general damages as well as restitutionary relief to Plaintiffs and the members of the Class;
4. That this Court award injunctive relief, including that available under Business and Professions Code Section 17203;
5. That this Court award penalties and liquidated damages including, but not limited to, those available under 29 U.S.C. 216(b) and Labor Code sections 203 and 1194.2;
6. That this Court award statutory attorneys' fees and costs, including those available under 29 U.S.C. § 216(b), Labor Code sections 218.5 and 1194, as well as Code of Civil Procedure section 1021.5;
7. That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and
8. That this Court award such other and further relief as the court deems just and proper.

**As to the Fourth Cause of Action:**

1. For civil penalties, including but not limited to those available under Labor Code §§ 225.5, 226.3, 558 and 2699(f);
2. For statutory attorneys' fees and costs, including but not limited to those available under Labor Code § 2699(g) and 218.5;

    3. For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including those available under Civil Code §§ 3287(a) and 3289(b), and Labor Code § 218.6; and

  4. For such other and further relief as the court deems just and proper

**DATED:** June 25, 2020        **MAYALL HURLEY P.C.**

            By */s/ Robert J. Wasserman*
              ROBERT J. WASSERMAN
              Attorneys for Plaintiffs and the Putative Class

**DATED:** June 25, 2020        **MOORADIAN LAW, APC**

            By */s/ Zorik Moradian*
              Zorik Mooradian
              Haik Hacopian
              Attorneys for Plaintiffs and the Putative Class